UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRAVELERS INSURANCE COMPANY, )
)
     Plaintiff, )
)
vs. )   Case No. 4:11CV599 HEA
)
LORENZO GIBBS and DIONNE GATLING,)
)
     Defendants. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions for More Definite Statement or in the Alternative, Motions to Strike, [Doc. No.'s 5 and 10]. Plaintiff opposes both motions. For the reasons set forth below, the Motions are denied.

## Introduction

Plaintiff filed this action seeking a declaratory judgment by this Court that it is not obligated under a policy of insurance issued to Defendants for losses incurred as a result of a fire on the insured property which was the subject of the insurance policy. Defendants have individually moved to strike certain paragraphs or to require Plaintiff to make more definite and certain the specified paragraphs. Defendants, however, urge that the allegations of the Complaint are "so broad and vague as to be subject to dismissal." Thus, the Court is perplexed as to the exact

relief sought by Defendants, *i.e.* however, the Court will address each of Defendants' stated concerns as perceived by the Court.

## Facts and Background

Plaintiff's Complaint alleges that the action arises out of a dispute involving insurance coverage for a fire loss which occurred on August 25, 2010. Defendants claimed they are entitled to insurance proceeds for the damage to their real and personal property due to the fire. Plaintiff alleges that its claim investigation revealed that Defendants had made material misrepresentations with regard to the loss. Specifically, Plaintiff alleges that it issued a policy of insurance to Defendant Gibbs; that Defendants claimed that the dwelling and personal property located at 5254 Maple Avenue, St. Louis, Missouri 63113 sustained damage as a result of a fire; that Defendants submitted a sworn statement and proof of loss for the damage to the building and personal property; that the policy excluded intentional loss; that Plaintiff's investigation revealed that Defendants, or someone at their direction, started the fire; that the policy contained a condition that the policy provided no coverage for any loss where the insured has intentionally concealed or misrepresented any material fact, engaged in fraudulent conduct, or made false statements.

## Discussion

## Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v.*

*Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff's Complaint satisfies this standard. Defendants claim that Plaintiff fails to identify the actual evidence revealed during Plaintiff's investigation; which Defendant is responsible and how such Defendant is responsible for intentionally starting the fire; how the fire was started or the identity of the specific person or persons Defendants directed to start the fire. These facts, however, are not required at this stage of the litigation. As Plaintiff correctly argues, Rule 8 of the Federal Rules of Civil Procedure continues to require simply that the pleader sets

forth a short and plain statement showing the pleader is entitled to relief.  While the standard for dismissal has recently changed, the changes do not require complete fact pleading in this Court.

Plaintiff has set forth its claim, the reasons therefore and the relief sought.  The claim is supported by factual allegations apprizing Defendants of the nature of the rejection of Defendants' insurance claims and the provisions of the policy which give rise to the refusal.  Defendants are, of course, entitled to discovery under the Federal Rules of Civil Procedure, but Plaintiff is not required to set out each and every specific factual detail in its Complaint.  Plaintiff has stated more than a mere recitation of the elements of its declaratory judgment action; it has specifically stated all the essential requirements for Defendant to be notified of the nature of Plaintiff's action, the basis for its claim and the provisions of the policy which support the rejection of Defendants's insurance claim.  There is nothing vague or overly broad contained in the Complaint for Declaratory Judgment.  The policy provisions at issue are clearly identified.

## Conclusion

Plaintiff's Complaint for Declaratory Judgment sufficiently satisfies Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.  As such, Defendants'

Motions for More Definite Statement or in the Alternative, Motions to Strike are without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions for More Definite Statement or in the Alternative, Motions to Strike, [Doc. No.'s 5 and 10], are denied.

Dated this 21st day of March, 2012.

_____
     HENRY EDWARD AUTREY
  UNITED STATES DISTRICT JUDGE